UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80161-CR-RYSKAMP/HOPKINS

|                         |     |
|-------------------------|-----|
| UNITED STATES OF AMERICA | )   |
|                         | )   |
|                         | )   |
|                         | )   |
| v.                      | )   |
|                         | )   |
| MICHAEL BRYANT,         | )   |
|                         | )   |
| Defendant.              | )   |
|                         | )   |

**GOVERNMENT'S RESPONSE TO**

**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

      A.    1.    The government is unaware of any written statements made by the defendant. Audio recordings of statements made by the defendant were made during an undercover "buy".  These recordings can be obtained by making arrangements with undersigned counsel.

            2.    The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

            3.    No defendant testified before the Grand Jury.

            4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5.      Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 S. Australian Avenue, Suite 400, West Palm Beach, Florida.   Please call the undersigned to set up a date and time that is convenient to both parties.

6.      Laboratory analyses of the substances seized in connection with this case will be made available to you upon request.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).  Currently, the government is not aware of any such information.

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      The defendant has been identified in a lineup, show up, photo spread or similar identification proceedings.  Copies of any such proceedings will be made available upon request.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

2

I.   The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.   The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.   The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

    If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed.  As usual, random samples will be set aside to be used as evidence at trial.

L.   The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

    If you wish to inspect any seized vehicle used in the commission of the offense charged, please contact the undersigned.

    Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

    Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

    If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.   The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.   To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects

to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  *Roger H. Stefin*
ROGER H. STEFIN
Assistant United States Attorney
Florida Bar No. 0287334
500 S. Australian Avenue, Ste. 400
West Palm Beach, Florida 33401
Tel: (561) 209-1055
Fax: (561) 820-8777

cc:  Special Agent/TFO David Weeks,
DEA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed

electronically via ECF this 8th Day of October, 2012.

 *Roger H. Stefin*
Roger H. Stefin
Assistant United States Attorney