UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80161-CR-RYSKAMP

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL BRYANT,

        Defendant.
_____/

**OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

Defendant, Michael Bryant, by and through his undersigned counsel, submits the following objection to the presentence investigation report (PSI):

1. As to paragraph 33, Defendant submits that he should receive a two-level reduction for safety valve. This reduction is denied Defendant because he failed to pay a $205 fine as part of his probation (See, paragraph 48). Other than failure to pay the fine, Defendant successfully completed his probation in 2010. At no time between the successful completion of Defendant's term of probation and the instant offense was Defendant notified of an outstanding fine (Defendant has since paid the fine).

2. According to U.S.S.G. § 4A1.1(d), 2 points are assessed "if the defendant committed the instant offense while under any criminal justice sentence, including probation..." Since Defendant had completed his term of probation, he was not under a criminal justice sentence. Instead,

Defendant submits that what he was "under" was the requirement that he pay a fine. Once the fine was paid, Defendant had fulfilled all the requirements of his original sentence. According to Application Note 4, in determining whether 2 points should be assessed under U.S.S.G. § 4A1.1(d), "a sentence to pay a fine, by itself, would not be included." Defendant submits that since the only requirement of his original sentence that remained to be completed was the payment of a fine, that the "spirit," if not the "letter" of U.S.S.G. § 4A1.1(d) compels the conclusion that Defendant should not be assessed 2 points for the failure to pay a fine, especially since Defendant did not receive notice to pay the fine.

3. As to paragraph 50, based upon the foregoing, Defendant submits that he should not be assessed the 2 points specified therein. Furthermore, Defendant should receive a two-level reduction for safety valve.

4. Based upon the foregoing, Defendant submits that his offense level should be 11, and his criminal history category I, resulting in an advisory guideline range of 8-14 months.

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

s/ Peter Birch
Peter Birch
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 304281
450 South Australian Ave., Suite 500
West Palm Beach, FL 33401
TEL: (561) 833-6288
FAX: (561) 833-0368
Peter_Birch@FD.org

CERTIFICATE OF SERVICE

I HEREBY certify that on February 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                     s/ Peter Birch
                                                                      Peter Birch

## SERVICE LIST

## UNITED STATES OF AMERICA V. MICHAEL BRYANT
### Case No. 12-80161-Cr-Ryskamp

Roger Stefin
*Roger.Stefin@usdoj.gov*
500 South Australian Avenue
Suite 400
West Palm Beach, Florida 33401
(561) 820-8711 - Telephone
(561) 820-8777 - Fax


Sheila Parsons
Senior U.S. Probation Officer
501 South Flagler Drive, Suite 400
Suite 400
West Palm Beach, Florida 33401-5912
(561) 804-6894 - Telephone
(561) 655-1049 - Fax